**James Olsen 26833**
**1 E. Camelback Road, Ste. 550**
**Phoenix, AZ 85012**
**602-903-1817**
**Fax: 602-903-1817**
**jolsenlaw@yahoo.com**

2:09-bk-29364

## UNITED STATES BANKRUPTCY COURT
### DISTRICT OF ARIZONA

In re

**Diana Lee Fisher**

Case No.

**CHAPTER 13 PLAN AND APPLICATION FOR PAYMENT OF ADMINISTRATIVE EXPENSES**

Debtor(s).

■ Original
☐ Amended
☐ Modified

SSN   **xxx-xx-2558**
**43633 N. 13th Avenue**
**New River, AZ 85087**

This Plan may affect creditor rights.  **If you object to the treatment of your claim as proposed in this Plan, you must file a written objection by the deadline set forth in a Notice of Date to File Objections to Plan that was served on parties in interest.** If this is a joint case, then "Debtor" means both Debtors. This plan does not allow claims or affect the timeliness of any claim. To receive payment on your claim, you must file a proof of claim with the Bankruptcy Court, even if this Plan provides for your debt. The applicable deadlines to file a proof of claim were specified in the Notice of Commencement of Case.  Except as provided in § 1323(c), a creditor who disagrees with the proposed treatment of its debt in this Plan must timely file an objection to the Plan.

☐  This is an Amended or Modified Plan. The reasons for filing this Amended or Modified Plan are:
_____

(A)  **Plan Payments and Property to be Submitted to the Plan.**

(1)  Plan payments start on **12/13/2009**.  The Debtor shall pay the Trustee as follows:

$ **282.00**  each month for month  **1**  through month  **36** .

The proposed plan duration is  **36**  months. The applicable commitment period is  **36**  months. Section 1325(b)(4).

(2)  In addition to the plan payments, Debtor will submit the following property in addition to plan payments: *[Describe or state none]*

**-NONE-**

(B)  **Trustee's Percentage Fee**. Pursuant to 28 U.S.C. § 586(e), the Trustee may collect the percentage fee from all payments and property received, not to exceed 10%.

1

2:09-bk-29364

(C)  **Treatment of Administrative Expenses and Claims**. Except as specified for adequate protection payments under (C)(1) or otherwise ordered by the Court, the Trustee will make disbursements to creditors after the Court confirms this Plan. Unless otherwise provided in Section (J), disbursements by the Trustee shall be pro rata by class (except for adequate protection payments) and made in the following order:

(1)  *Adequate protection payments*. Section 1326(a)(1)(C) requires adequate protection payments to be made to creditors secured by personal property.  Pursuant to Local Bankruptcy Rule 2084-6, the Trustee is authorized to make preconfirmation adequate protection payments to the following secured creditors without a Court order, provided the claim is properly listed on Schedule D, the creditor files a secured proof of claim that includes documentation evidencing a perfected security agreement, and the debtor or creditor sends a letter to the trustee requesting payment of preconfirmation adequate protection payments. The Trustee will apply adequate protection payments to the creditor's secured claim. After confirmation, unless the Court orders otherwise, adequate protection payments will continue in the same amount until claims to be paid prior to these claimants are paid in full, unless the confirmed plan or a court order specifies a different amount. **If a creditor disagrees with the amount of the proposed adequate protection payments or the plan fails to provide for such payments, the creditor may file an objection to confirmation of this plan, file a motion pursuant to §§ 362, 363, or do both.**

| Creditor | Property Description | Monthly Amount |
|---|---|---|
| -NONE- | | |

☐  See Section (J), Varying Provisions.

(2)  *Administrative expenses*. Section 507(a)(2).

(a)  Attorney fees. Debtor's attorney received $ **1,475.00** before filing. The balance of $ **2,525.00** or an amount approved by the Court upon application shall be paid by the Trustee. See Section (F) for any fee application.

(b)  Other Administrative Expenses. [Describe]

☐  See Section (J), Varying Provisions.

(3)  *Leases and Unexpired Executory Contracts*. Pursuant to § 1322(b), the Debtor assumes or rejects the following lease or unexpired executory contract. For a lease or executory contract with an arrearage to cure, the arrearage will be cured in the plan payments with regular monthly payments to be paid direct by the Debtor. The arrearage amount to be adjusted to the amount in the creditor's allowed proof of claim.

(a)  Assumed:

| Creditor & Property Description | Estimated Arrearage Amount | Arrearage Through Date |
|---|---|---|
| -NONE- | | |

(b)  Rejected:

| Creditor | Property Description |
|---|---|
| -NONE- | |

☐  See Section (J), Varying Provisions.

Software Copyright (c) 1996-2009 Best Case Solutions - Evanston, IL - (800) 492-8037

Best Case Bankruptcy

(4) **Claims Secured <u>Solely</u> by Security Interest in Real Property**. Unless otherwise stated below, Debtor shall pay post-petition payments directly to the creditor. Prepetition arrearages shall be cured through the Trustee. A creditor identified in this paragraph may mail the Debtor all correspondence, notices, statements, payment coupons, escrow notices, and default notices concerning any change to the monthly payment or interest rate without such being a violation of the automatic stay. No interest will be paid on the prepetition arrearage or debt unless otherwise stated. If interest is to be paid on the debt, then state such rate with the estimated arrearage amount. Except as provided in Local Bankruptcy Rule 2084-23 if a creditor gets unconditional stay relief, the actual cure amount to be paid shall be adjusted by the Trustee pursuant to the creditor's *allowed* proof of claim.

| Creditor/Servicing Agent & Property Description | Value of Collateral and Valuation Method | Estimated Arrearage Amount | Arrearage Owed Through |
|---|---|---|---|
| **Countrywide Home Lending** **43633 N. 13th Avenue, New River, AZ, 85087** | **184,900.00** | **0.00** | |
| **Countrywide Home Lending** **21825 W. Roosevelt, Wittmann, AZ 85361** | **40,000.00** | **0.00** | |

■ See Section (J), Varying Provisions.

(5) **Claims Secured by Personal Property or a Combination of Real and Personal Property**. Pursuant to § 1325(a), secured creditors listed below shall be paid the amount shown below as the Amount to be Paid on Secured Claim, with such amount included in the Plan payments. However, if the creditor's proof of claim amount is less than the Amount to be Paid on Secured Claim, then only the proof of claim amount will be paid. Any adequate protection payments are as provided in Section (C)(1) above. If a creditor fails to file a secured claim or files a wholly unsecured claim, the debtor may delete the proposed payment of a secured claim in the order confirming plan.

| Creditor & Property Description | Debt Amount | Value of Collateral and Valuation Method | Amount to be Paid On Secured Claim | Interest Rate |
|---|---|---|---|---|
| **-NONE-** | | | | |

☐ See Section (J), Varying Provisions.

(6) **Priority, Unsecured Claims**. All allowed claims entitled to pro rata priority treatment under § 507 shall be paid in full.

(a) Unsecured Domestic Support Obligations. The Debtor shall remain current on such obligations that come due after filing the petition. Unpaid obligations before the petition date to be cured in the plan payments.

| Creditor | Estimated Arrearage | Arrearage Through Date |
|---|---|---|
| **-NONE-** | | |

(b) Other unsecured priority claims.

| Creditor | Type of Priority Debt | Estimated Amount |
|---|---|---|
| **Arizona Department of Revenue** | **Taxes and certain other debts** | **0.00** |
| **Internal Revenue Service** | **Taxes and certain other debts** | **2,041.00** |
| **Internal Revenue Service** | **Taxes and certain other debts** | **1,749.00** |
| **Internal Revenue Service** | **Taxes and certain other debts** | **2,377.00** |
| **Internal Revenue Service** | **Taxes and certain other debts** | **430.00** |

☐ See Section (J), Varying Provisions.

(7) **Codebtor Claims**. The following codebtor claim is to be paid per the allowed claim, pro rata before other unsecured, nonpriority claims.

| Creditor | Codebtor Name | Estimated Debt Amount |
|---|---|---|
| **-NONE-** | | |

☐ See Section (J), Varying Provisions.

(8) **Nonpriority, Unsecured Claims**. Allowed unsecured, nonpriority claims shall be paid pro rata the balance of payments under the Plan.

☐ See Section (J), Varying Provisions.

(D)  **Lien Retention**. Secured creditors shall retain their liens until payment of the underlying debt determined under nonbankruptcy law or upon discharge, whichever occurs first.

☐  See Section (J), Varying Provisions.

(E)  **Surrendered Property**. Debtor surrenders the following property to the secured creditor. Upon confirmation of this Plan or except as otherwise ordered by the Court, bankruptcy stays are lifted as to the collateral to be surrendered. Any secured claim filed by such creditor shall receive **no** distribution until the creditor files an allowed unsecured claim or an amended proof of claim that reflects any deficiency balance remaining on the claim. *Should the creditor fail to file an amended unsecured claim consistent with this provision, the Trustee need not make any distributions to that creditor.*

| Claimant | Property to be surrendered |
|---|---|
| **Citibank Na** | **3214 W. Orangewood Phoenix, AZ 85051** |
| **Indymac Bank** | **3214 W. Orangewood Phoenix, AZ 85051** |

(F)  **Attorney Application for Payment of Attorney Fees**. Counsel for the Debtor has received a prepetition retainer of $ _1,475.00_ , to be applied against fees and costs incurred. Fees and costs exceeding the retainer shall be paid from funds held by the Chapter 13 Trustee as an administrative expense. Counsel will be paid as selected in paragraph (1) or (2) below:

■  (1)(a) **Flat Fee**. Counsel for the Debtor has agreed to a total sum of $ _4,000.00_ to represent the Debtor. Counsel has agreed to perform the following services through confirmation of the plan:

- ■  Review of financial documents and information.
- ■  Consultation, planning, and advice, including office visits and telephone communications.
- ■  Preparation of Petition, Schedules, Statement of Financial Affairs, Master Mailing List.
- ■  Preparation and filing of Chapter 13 Plan, Plan Analysis, and any necessary amendments.
- ■  Attendance at the § 341 meeting of creditors.
- ■  Resolution of creditor objections and Trustee recommendations, and attendance at hearings.
- ■  Reviewing and analyzing creditor claims for potential objections, and attendance at hearings.
- ☐  Responding to motions to dismiss, and attendance at hearings.
- ☐  Responding to motions for relief from the automatic stay, and attendance at hearings.
- ■  Drafting and mailing of any necessary correspondence.
- ■  Preparation of proposed order confirming the plan.
- ☐  Representation in any adversary proceedings.
- ■  Representation regarding the prefiling credit briefing and post-filing education course.

(b)  **Additional Services**. Counsel for the Debtor has agreed to charge a flat fee for the following additional services provided to the Debtor post-confirmation of the plan:

- ■  Preparation and filing of Modified Plan $ _500_ .
- ■  Preparation and filing of motion for moratorium $ _500_ .
- ■  Responding to motion to dismiss, and attendance at hearings $ _500_ .
- ☐  Defending motion for relief from the automatic stay or adversary proceeding $__.
- ■  Preparation and filing of any motion to sell property $ _500_ .
- ■  Other _Lien Avoidance $1,000_ .

All other additional services will be billed at the rate of $ _275_ per hour for attorney time and $ _75_ per hour for paralegal time. Counsel will file and notice a separate fee application detailing the additional fees and costs requested. Counsel will include *all* time expended in the case in the separate fee application.

■  See Section (J), Varying Provisions.

Software Copyright (c) 1996-2009 Best Case Solutions - Evanston, IL - (800) 492-8037                    Best Case Bankruptcy

☐ (2) **Hourly Fees.** For hourly fees to be paid as an administrative expense, counsel must file and notice a separate fee application detailing the additional fees and costs requested. The application must include all time expended in the case.

Counsel has agreed to represent the Debtor for all services related to the Chapter 13 bankruptcy to be billed at the rate of $__ per hour for attorney time and $__ per hour for paralegal time.

☐ See Section (J), Varying Provisions.

(G) **Vesting.** Vesting of property of the estate. Property of the estate shall vest in the Debtor upon confirmation of the Plan. The following property shall not revest in the Debtor upon confirmation: *[Describe or state none]*

**-NONE-**

☐ See Section (J), Varying Provisions.

(H) **Tax Returns.** While the case is pending, the Debtor shall provide to the trustee a copy of any post-petition tax return within thirty days after filing the return with the tax agency. The Debtor has filed all tax returns for all taxable periods during the four-year period ending on the petition date, except: *[not applicable or describe unfiled returns]*.

**-NONE-**

(I) **Funding Shortfall.** Debtor will cure any funding shortfall before the Plan is deemed completed.

---

(J) **Varying Provisions.** The Debtor submits the following provisions that vary from the Local Plan Form, Sections (A) through (H):

(1) Mr. Wayne D. Cernie is a holder of a 2nd Deed of Trust against the real property of the Debtor that is wholly unsecured. The holder of the First Deed of Trust has a claim for $191,449.00. According to an appraisal completed on October 29, 2009, the value of the property in question is $184,900.00 (A copy of the appraisal is attached hereto as exhibit 1). As a result, they will be treated as a Non-Priority, Unsecured claim pursuant to 11 U.S.C. § 506(a) and 11 U.S.C. § 1322(b)(2) and the decision of The 9th Circuit Court of Appeals. In re: Zimmer, 313 F.3d 1220. The debt owed to Mr. Wayne D. Cernie union being a second Mortgage of debtor's real property. It is appropriate to propose this treatment in a Chapter 13 Plan In re: Wegscheid, 361 B.R. 144; 2007.. There is no equity in the real property to secure Mr. Wayne D. Cernie's debt as shown in the attached appraisal. Therefore, this debt will be treated as a general unsecured debt and the lien will be avoided. The lien shall survive until discharge at which time Mr. Wayne D.
(1) Cernie shall release the lien or risk violation of the discharge order.

(2) Wayne D. Cernie: Debtor(s) intend to avoid lien under 522(f)(1) or 522(f)(2).

---

(K) **Plan Summary.** If there is a discrepancy between paragraphs (A) - (J) and paragraphs (K) - (M), then the provisions of paragraphs (A) - (J) and the confirmed plan control.

| | | |
|---|---|---:|
| (1) | Administrative expenses | $ 2,525.00 |
| (2) | Priority claims | $ 6,597.00 |
| (3) | Payments on leases or to cure defaults, including interest | $ 0.00 |
| (4) | Payments on secured claims, including interest | $ 0.00 |
| (5) | Payments on unsecured, nonpriority claims | $ 14.80 |
| (6) | SUBTOTAL | $ 9,136.80 |
| (7) | Trustee's compensation (10% of plan payments) | $ 1,015.20 |
| (8) | Total plan payments | $ 10,152.00 |

(L) **Section 1325 Analysis.**

(1) *Best Interest of Creditors Test:*

| | | |
|---|---|---:|
| (a) | Value of debtor's interest in nonexempt property | $ 0.00 |
| (b) | Plus: Value of property recoverable under avoiding powers | $ 0.00 |
| (c) | Less: Estimated Chapter 7 administrative expenses | $ 0.00 |
| (d) | Less: Amount payable to unsecured, priority creditors | $ 6,597.00 |
| (e) | **Equals:** Estimated amount payable to unsecured, nonpriority claims if debtor filed Chapter 7 | $ 0.00 |

5

Paragraph (2) to be completed by debtors whose current monthly income exceeds the state's median income.

(2)  *Section 1325(b) Analysis:*

| | | |
|---|---|---|
| (a) | Monthly disposable income under § 1325(b)(2), Form B22C, Statement of Current Monthly Income | $ **-775.68** |
| (b) | Applicable commitment period | $ **36** |
| (c) | Section 1325(b)(2) monthly disposable income amount multiplied by **36**) | $ **-27,924.48** |
| (M) | Estimated Payment to Unsecured, Nonpriority Creditors Under Plan | $ **14.80** |

Dated:  **November 13, 2009**

**/s/ Diana Lee Fisher**
_____
**Diana Lee Fisher**
Debtor

**/s/ James Olsen**
_____
**James Olsen 26833**
Attorney for Debtor
**Jim Olsen Law Firm, LLC**
**1 E. Camelback Road, Ste. 550**
**Phoenix, AZ 85012**
**602-903-1817 Fax: 602-903-1817**
**jolsenlaw@yahoo.com**

Software Copyright (c) 1996-2009 Best Case Solutions - Evanston, IL - (800) 492-8037          Best Case Bankruptcy

# INVOICE

**FROM:**
John Fournier
John Fournier Appraisals
#526
5025 N Central Ave
Phoenix, AZ 85012
Telephone Number: 602-522-1999          Fax Number: 602-522-8999

| INVOICE NUMBER |
| --- |
| 0910038 |
| DATE |
| 10/30/2009 |

**TO:**
Diana
Diana Fisher
43033 N 13th Ave
New River, AZ 85087

Telephone Number: 602 380 6841          Fax Number:
Alternate Number:          E-Mail: diana@zerogravitystudios.net

| REFERENCE | |
| --- | --- |
| Internal Order #: | 0910038 |
| Lender Case #: | |
| Client File #: | |
| Main File # on form: | 0910038 |
| Other File # on form: | |
| Federal Tax ID: | SEE W-9 ON FILE |
| Employer ID: | SEE W-9 ON FILE |

Performed by John R Fournier Az. Cert #20067

## DESCRIPTION

| | | | |
| --- | --- | --- | --- |
| **Lender:** Diana Fisher | | **Client:** Diana Fisher | |
| **Purchaser/Borrower:** No Borrower | | | |
| **Property Address:** 43633 N 13th Ave | | | |
| **City:** New River (PO) | | | |
| **County:** Maricopa | | **State:** AZ | **Zip:** 85087 |
| **Legal Description:** See Addendum | | | |

| FEES | AMOUNT |
| --- | --- |
| GP Appraisal | 300.00 |
| **SUBTOTAL** | 300.00 |

| PAYMENTS | AMOUNT |
| --- | --- |
| **Check #:** 116   **Date:** 10/26/09 (55)   **Description:** Collected at inspection | 300.00 |
| **Check #:**   **Date:**   **Description:** | |
| **Check #:**   **Date:**   **Description:** | |
| **SUBTOTAL** | 300.00 |
| **TOTAL DUE** $ | 0.00 |

John Fournier Appraisals
5025 N Central Ave #526
Phoenix, AZ. 85012


10/29/2009


Diana Fisher
43033 N 13th Ave
New River, AZ 85087


Re: Property:     43633 N 13th Ave
                  New River (PO), AZ 85087
     Borrower:    No Borrower
     File No.:    0910038


In accordance with your request, we have appraised the above referenced property.  The report of that appraisal is attached.

The purpose of this appraisal is to estimate the market value of the property described in this appraisal report, as improved, in unencumbered fee simple title of ownership.

This report is based on a physical analysis of the site and improvements, a locational analysis of the neighborhood and city, and an economic analysis of the market for properties such as the subject.  The appraisal was developed and the report was prepared in accordance with the Uniform Standards of Professional Appraisal Practice.

The value conclusions reported are as of the effective date stated in the body of the report and contingent upon the certification and limiting conditions attached.

It has been a pleasure to assist you.  Please do not hesitate to contact me or any of my staff if we can be of additional service to you.


Sincerely,

John R Fournier #20067

# RESIDENTIAL APPRAISAL SUMMARY REPORT

File No.: 0910038

## SUBJECT

Property Address: 43633 N 13th Ave  City: New River (PO)  State: AZ  Zip Code: 85087

County: Maricopa  Legal Description: See Addendum

Assessor's Parcel #: 202-21-057n  2:09-bk-29364

Tax Year: 2009  R.E. Taxes: $ 1,423.18  Special Assessments: $ N/A  Borrower (if applicable): No Borrower

Current Owner of Record: Diana Fisher  Occupant: ☒ Owner ☐ Tenant ☐ Vacant ☐ Manufactured Housing

Project Type: ☐ PUD ☐ Condominium ☐ Cooperative ☐ Other (describe)  HOA: $ N/A ☐ per year ☐ per month

Market Area Name: New River  Map Reference: 46.07  Census Tract: 0303.78

The purpose of this appraisal is to develop an opinion of: ☐ Market Value (as defined), or ☒ other type of value (describe) Fair Market Value (IRS)

This report reflects the following value (if not Current, see comments): ☒ Current (the Inspection Date is the Effective Date) ☐ Retrospective ☐ Prospective

Approaches developed for this appraisal: ☒ Sales Comparison Approach ☐ Cost Approach ☐ Income Approach (See Reconciliation Comments and Scope of Work)

## ASSIGNMENT

Property Rights Appraised: ☒ Fee Simple ☐ Leasehold ☐ Leased Fee ☐ Other (describe)

Intended Use: Bankruptcy assistance

Intended User(s) (by name or type): Diana Fisher and Bankruptcy Trustee

Client: Diana Fisher  Address: 43033 N 13th Ave, New River, AZ 85087

Appraiser: John R Fournier  Address: 5025 N Central Ave #526; Phoenix, AZ 85016 602-522-1999

## MARKET AREA DESCRIPTION

| Location: | ☐ Urban ☒ Suburban ☐ Rural | Predominant Occupancy | One-Unit Housing | | Present Land Use | Change in Land Use |
|---|---|---|---|---|---|---|
| Built up: | ☒ Over 75% ☐ 25-75% ☐ Under 25% | | PRICE $(000) | AGE (yrs) | One-Unit 60 % | ☐ Not Likely |
| Growth rate: | ☐ Rapid ☒ Stable ☐ Slow | ☒ Owner | | | 2-4 Unit % | ☒ Likely * ☐ In Process * |
| Property values: | ☐ Increasing ☒ Stable ☐ Declining | ☐ Tenant | 50 Low 2 | | Multi-Unit % | * To: SFR |
| Demand/supply: | ☐ Shortage ☒ In Balance ☐ Over Supply | ☒ Vacant (0-5%) | 397 High 40 | | Comm'l % | Fr:Vacant |
| Marketing time: | ☐ Under 3 Mos. ☒ 3-6 Mos. ☐ Over 6 Mos. | ☐ Vacant (>5%) | 216 Pred 11 | | Vac,presrve 40 % | |

Market Area Boundaries, Description, and Market Conditions (including support for the above characteristics and trends):

See 1004MC  Area is zip code 85087 east of I-17 (New River)

Current inventory levels of available properties within MLS shows an over supply of inventory and extended list periods. A review of sales from 2008 v. 2009 shows a decline in prices over year. See 1004MC. Zip code median price study shows decline over annual  2nd quarters (2008 v. 2009) at 32.5%  (Data Quick)

## SITE DESCRIPTION

Dimensions: 206.28 x 212.59  Site Area: 43,853 Sq.Ft.

Zoning Classification: RU-43  Description: Rural-1 Acre per dwelling

Zoning Compliance: ☒ Legal ☐ Legal nonconforming (grandfathered) ☐ Illegal ☐ No zoning

Are CC&Rs applicable? ☐ Yes ☐ No ☒ Unknown  Have the documents been reviewed? ☐ Yes ☒ No  Ground Rent (if applicable) $      /

Highest & Best Use as improved: ☒ Present use, or ☐ Other use (explain)

Actual Use as of Effective Date: SFR  Use as appraised in this report: SFR

Summary of Highest & Best Use: Highest and Best use is the present use as there is a house on the property and it would not be economically feasible to remove and rebuild. The property fits current zoning and is legally permissible.

| Utilities | Public | Other | Provider/Description | Off-site Improvements | Type | Public | Private | Topography | Slope, wash thru property |
|---|---|---|---|---|---|---|---|---|---|
| Electricity | ☒ | ☐ | APS | Street | Gravel,graded-easement | ☐ | ☒ | Size | Conforming |
| Gas | ☐ | ☐ | No noted | Curb/Gutter | No noted | ☐ | ☐ | Shape | Rectangular |
| Water | ☐ | ☒ | Shared Well | Sidewalk | No noted | ☐ | ☐ | Drainage | Apparently normal |
| Sanitary Sewer | ☐ | ☒ | Septic system PVT | Street Lights | No noted | ☐ | ☐ | View | Dist Mountains |
| Storm Sewer | ☐ | ☒ | Wash thru property | Alley | None | ☐ | ☐ | Other | Pad area filled |

Other site elements: ☒ Inside Lot ☐ Corner Lot ☐ Cul de Sac ☐ Underground Utilities ☐ Other (describe)

FEMA Spec'l Flood Hazard Area ☐ Yes ☒ No  FEMA Flood Zone "X"  FEMA Map # 040037-See map  FEMA Map Date 09/2005

Site Comments: The pad area has been filled making for this area above washed from property. Well apparently has a leak although not confirmed but appears to have reasonably draw and pressure. It is unknown as to the effectiveness of the sewer. No unusual growth patterns observed.

## DESCRIPTION OF THE IMPROVEMENTS

| General Description | | Exterior Description | | Foundation | | Basement ☒ None | | Heating | |
|---|---|---|---|---|---|---|---|---|---|
| # of Units | 1 ☐ Acc.Unit | Foundation | Concrete | Slab | Concrete* | Area Sq. Ft. | No noted | Type | FWA |
| # of Stories | One | Exterior Walls | St/Frm-Blk-Gd | Crawl Space | No noted | % Finished | No noted | Fuel | Elec |
| Type ☒ Det. ☐ Att. ☐ | | Roof Surface | Metal (Tile Lk) | Basement | No noted | Ceiling | No noted | | |
| Design (Style) Ranch | | Gutters & Dwnspts. None | | Sump Pump | ☐ No noted | Walls | No noted | Cooling | Ref |
| ☒ Existing ☐ Proposed ☐ Und.Cons. | | Window Type | Al Slider/2 pane | Dampness | ☐ No noted | Floor | No noted | Central | |
| Actual Age (Yrs.) 2007 rebuild | | Storm/Screens | Screens | Settlement | Potential | Outside Entry | No noted | Other | |
| Effective Age (Yrs.) 2-5 | | | | Infestation | No noted | | | | |

| Interior Description | | Appliances | | Attic ☐ None | | Amenities | Car Storage | ☐ None |
|---|---|---|---|---|---|---|---|---|
| Floors | Stone,Tile,Carpet-Avg | Refrigerator ☐ | Stairs ☐ | | Fireplace(s) # One  Woodstove(s) # | Garage | # of cars ( 3 Tot.) |
| Walls | DW-Avg | Range/Oven ☒ | Drop Stair ☐ | | Patio Covered,C fans | Attach. 3 3-Garage |
| Trim/Finish | Wd, Tile-Avg | Disposal ☒ | Scuttle ☐ | | Deck None | Detach. |
| Bath Floor | Tile,Stone-Gd | Dishwasher ☐ | Doorway ☐ | | Porch Open | Blt.-In |
| Bath Wainscot | Tile-Gd | Fan/Hood ☒ | Floor ☐ | | Fence None | Carport |
| Doors | Panelled-Avg | Microwave ☐ | Heated ☐ | | Pool None | Driveway Open |
| | | Washer/Dryer ☐ | Finished ☐ | | | Surface Gravel |

Finished area above grade contains: 7 Rooms  3 Bedrooms  2 Bath(s)  1,847 Square Feet of Gross Living Area Above Grade

Additional features: Home rebuilt and added to in 2007 with completion in 2008. Appearance as a 2008 built house although there are some inadequacies as noted within the attached addendum.

Describe the condition of the property (including physical, functional and external obsolescence): Nearly new in appearance.

Copyright© 2007 by a la mode, inc. This form may be reproduced unmodified without written permission, however, a la mode, inc. must be acknowledged and credited.

GP RESIDENTIAL

Form GPRES2 — "TOTAL for Windows" appraisal software by a la mode, inc. — 1-800-ALAMODE  3/2007

# RESIDENTIAL APPRAISAL SUMMARY REPORT

File No.: 0910038

**TRANSFER HISTORY**

My research ☒ did ☐ did not reveal any prior sales or transfers of the subject property for the three years prior to the effective date of this appraisal.

Data Source(s): Netvalue Centra

| 1st Prior Subject Sale/Transfer | Analysis of sale/transfer history and/or any current agreement of sale/listing: |
|---|---|
| Date: 3/27/07 | Most recent transfer is from Fisher to Fisher. Property listed for sale 7/08-4/09 for $399k reduced to |
| Price: No price/Exempt | $359k. There is a realtor's sign in the yard but not currently listed in MLS. A call to agent has not been |
| Source(s): Netvalue central | returned to see if this is an exclusive listing or for a nearby property. Improvements expanded and |
| 2nd Prior Subject Sale/Transfer | remodelled since 4/27/05 purchase. |
| Date: 4/27/05 | |
| Price: 184,900 | |
| Source(s): | |

*(handwritten: 2:09-bk-29364)*

**SALES COMPARISON APPROACH**

## SALES COMPARISON APPROACH TO VALUE (if developed)   ☐ The Sales Comparison Approach was not developed for this appraisal.

| FEATURE | SUBJECT | COMPARABLE SALE # 1 | | COMPARABLE SALE # 2 | | COMPARABLE SALE # 3 | |
|---|---|---|---|---|---|---|---|
| Address | 43633 N 13th Ave New River (PO), AZ 85087 | 1115 E Magellan Dr New River (PO), AZ 85087 | | 42815 N 14th Street New River (PO), AZ 85087 | | 42128 N 10th St New River (PO), AZ 85087 | |
| Proximity to Subject | | 1.79 miles | | 2.18 miles | | 1.77 miles | |
| Sale Price | $ Not a sale | $ 192,000 | | $ 180,000 | | $ 200,000 | |
| Sale Price/GLA | $ N/A /sq.ft. | $ 102.56 /sq.ft. | | $ 96.00 /sq.ft. | | $ 89.93 /sq.ft. | |
| Data Source(s) | Appraisal | Affidavit/MLS#4162940 39dom | | Affidavit/MLS#4192754 45dom | | Affidavit/MLS#4175157 49dom | |
| Verification Source(s) | Inspection | AP#202-20-045h | | AP#202-20-056m | | AP#211-70-004k | |
| VALUE ADJUSTMENTS | DESCRIPTION | DESCRIPTION | +(-) $ Adjust. | DESCRIPTION | +(-) $ Adjust. | DESCRIPTION | +(-) $ Adjust. |
| Sales or Financing Concessions | No known | FHA/Market 09-804791 | 0 | FHA/Market 09-846529 | 0 | FHA/Market 09-668298 | |
| Date of Sale/Time | N/A | 08/28/09 2.7% | -5,200 | 09/11/09 2% | -3,600 | 07/20/09 4.3% | -8,600 |
| Rights Appraised | Fee Simple | Fee Simple | | Fee Simple | | Fee Simple | |
| Location | New River PO | New River PO | | New River PO | | New River PO | |
| Site | 43,853 Sq.Ft. | 52465 Sq.Ft. | 0 | 45000Sq.Ft. | 0 | 68931sf/Traffic | 0 |
| View | Dist Mountains | Dist Mountains | | Dist Mountains | | Dist Mountains | |
| Design (Style) | Ranch | SW contemp | | Ranch | | SW contemp | |
| Quality of Construction | Average | Average | | Average | | Average | |
| Age | 2007 rebuild | 2006 | 0 | 2004 | +5,000 | 2004 | +5,000 |
| Condition | Average | Average | | Average | | Average | |
| Above Grade | Total 7 / Bdrms 3 / Baths 2 | Total 7 / Bdrms 4 / Baths 2 | | Total 7 / Bdrms 4 / Baths 2 | | Total 7 / Bdrms 3 / Baths 2 | |
| Room Count | | | | | | | |
| Gross Living Area | 1,847 sq.ft. | 1,872 sq.ft. | 0 | 1,875 sq.ft. | 0 | 2,224 sq.ft. | -11,310 |
| Basement & Finished | No Basement | No Basement | | No Basement | | No Basement | |
| Rooms Below Grade | N/A | N/A | | N/A | | N/A | |
| Functional Utility | Avg/Den separate | Average | -2,000 | Average | -2,000 | Average | -2,000 |
| Heating/Cooling | FWA/REF | FWA/REF | | FWA/REF | | FWA/REF | |
| Energy Efficient Items | Gd SEEI's | Gd SEEI's | | Gd SEEI's | | Gd SEEI's | |
| Garage/Carport | 3-Garage | 3-Garage | | 3-Garage | | 2-Garage | +5,000 |
| Porch/Patio/Deck | Cov Patio | Cov Patio | | Cov Patio | | Cov Patio | |
| Landscape | Mainly natural | Mainly natural | | Mainly natural | | Mainly natural | |
| Fence | No fence | No fence | | No fence | | No fence | |
| Additional | None | None | | None | | None | |
| Prior sale date/price | See above | 2/24/09 $210809td | | 5/22/09 $270195td | | 5/20/08 $367080 | |
| Net Adjustment (Total) | | ☐ + ☒ - $ 7,200 | | ☐ + ☒ - $ 600 | | ☐ + ☒ - $ 11,910 | |
| Adjusted Sale Price of Comparables | | Net 3.8 % Gross 3.8 % $ 184,800 | | Net 0.3 % Gross 5.9 % $ 179,400 | | Net 6.0 % Gross 16.0 % $ 188,090 | |

Summary of Sales Comparison Approach   Comparable sales closing dates are the recorded date of the conveying instrument. Financing and mortgage amount obtained from affidavit of value filed at recorder's office at time of recording deed. Seller concessions and contract dates are not public record. Financing of comparables are typical of the market and not affecting value (Unless noted above). Analysis of condition and amenities of comparables based on MLS information (whenavailable)exterior,street view inspection and when available agent, grantor or grantee privy to the transaction. See addendum for additional comments and pending sale.

Indicated Value by Sales Comparison Approach $   184,000

Copyright© 2007 by a la mode, inc. This form may be reproduced unmodified without written permission, however, a la mode, inc. must be acknowledged and credited.

**GP RESIDENTIAL**

Form GPRES2 — "TOTAL for Windows" appraisal software by a la mode, inc. — 1-800-ALAMODE

3/2007

# RESIDENTIAL APPRAISAL SUMMARY REPORT

File No.: 0910038

**COST APPROACH TO VALUE (if developed)**  ☒ The Cost Approach was not developed for this appraisal.

Provide adequate information for replication of the following cost figures and calculations.

Support for the opinion of site value (summary of comparable land sales or other methods for estimating site value):  2:09-bk-29364

Not developed

**COST APPROACH**

| ESTIMATED ☐ REPRODUCTION OR ☐ REPLACEMENT COST NEW | OPINION OF SITE VALUE | | =$ |
|---|---|---|---|
| Source of cost data: | DWELLING | Sq.Ft. @ $ | =$ |
| Quality rating from cost service:   Effective date of cost data: | | Sq.Ft. @ $ | =$ |
| Comments on Cost Approach (gross living area calculations, depreciation, etc.): | | Sq.Ft. @ $ | =$ |
| | | Sq.Ft. @ $ | =$ |
| | | Sq.Ft. @ $ | =$ |
| | | | =$ |
| | Garage/Carport | Sq.Ft. @ $ | =$ |
| | Total Estimate of Cost-New | | =$ |
| | Less    Physical    Functional    External | | |
| | Depreciation | | =$( ) |
| | Depreciated Cost of Improvements | | =$ |
| | "As-is" Value of Site Improvements | | =$ |
| | | | =$ |
| | | | =$ |
| Estimated Remaining Economic Life (if required):   Years | **INDICATED VALUE BY COST APPROACH** | | =$ |

**INCOME APPROACH**

**INCOME APPROACH TO VALUE (if developed)**  ☒ The Income Approach was not developed for this appraisal.

Estimated Monthly Market Rent $ _____ X Gross Rent Multiplier _____ = $ _____   **Indicated Value by Income Approach**

Summary of Income Approach (including support for market rent and GRM): _____

**PUD**

**PROJECT INFORMATION FOR PUDs (if applicable)**  ☐ The Subject is part of a Planned Unit Development.

Legal Name of Project: _____

Describe common elements and recreational facilities: _____

**RECONCILIATION**

Indicated Value by: Sales Comparison Approach $ 184,000   Cost Approach (if developed) $ N/A   Income Approach (if developed) $ N/A

Final Reconciliation   The cost approach is subject to obsolescence factors and not developed. Lack of reliable rental and income data precludes the application of the income approach. Market approach relied upon solely for valuation formulation.

This appraisal is made ☒ "as is",  ☐ subject to completion per plans and specifications on the basis of a Hypothetical Condition that the improvements have been completed,  ☐ subject to the following repairs or alterations on the basis of a Hypothetical Condition that the repairs or alterations have been completed,  ☐ subject to the following required inspection based on the Extraordinary Assumption that the condition or deficiency does not require alteration or repair: _____

☒ This report is also subject to other Hypothetical Conditions and/or Extraordinary Assumptions as specified in the attached addenda.

Based on the degree of inspection of the subject property, as indicated below, defined Scope of Work, Statement of Assumptions and Limiting Conditions, and Appraiser's Certifications, my (our) Opinion of the Market Value (or other specified value type), as defined herein, of the real property that is the subject of this report is:  $   184,000   , as of:   10/26/2009   , which is the effective date of this appraisal. If indicated above, this Opinion of Value is subject to Hypothetical Conditions and/or Extraordinary Assumptions included in this report.  See attached addenda.

**ATTACHMENTS**

A true and complete copy of this report contains   22   pages, including exhibits which are considered an integral part of the report. This appraisal report may not be properly understood without reference to the information contained in the complete report.

Attached Exhibits:

☒ Scope of Work    ☒ Limiting Cond./Certifications    ☒ Narrative Addendum    ☒ Photograph Addenda    ☒ Sketch Addendum
☐ Map Addenda    ☒ Additional Sales    ☐ Cost Addendum    ☒ Flood Addendum    ☐ Manuf. House Addendum
☐ Hypothetical Conditions    ☒ Extraordinary Assumptions    ☐ Maps    ☒ 1004MC

Client Contact:  Diana    Client Name:  Diana Fisher
E-Mail:  diana@zerogravitystudios.net    Address:  43033 N 13th Ave, New River, AZ 85087

**SIGNATURES**

| APPRAISER | SUPERVISORY APPRAISER (if required) or CO-APPRAISER (if applicable) |
|---|---|
| Appraiser Name:  John R Fournier | Supervisory or Co-Appraiser Name: |
| Company:  John Fournier Appraisals | Company: |
| Phone:  602 522-1999   Fax:  602 522-8999 | Phone:   Fax: |
| E-Mail:  jf@jrfappraisals.com | E-Mail: |
| Date of Report (Signature):  October 30, 2009 | Date of Report (Signature): |
| License or Certification #:  20067   State:  AZ | License or Certification #:   State: |
| Designation:  AZ Cert Res. Appraiser | Designation: |
| Expiration Date of License or Certification:  08/31/2010 | Expiration Date of License or Certification: |
| Inspection of Subject:  ☒ Interior & Exterior  ☐ Exterior Only  ☐ None | Inspection of Subject:  ☐ Interior & Exterior  ☐ Exterior Only  ☐ None |
| Date of Inspection:  10/26/2009 | Date of Inspection: |

**GP RESIDENTIAL**

Copyright© 2007 by a la mode, inc. This form may be reproduced unmodified without written permission, however, a la mode, inc. must be acknowledged and credited.

Form GPRES2 — "TOTAL for Windows" appraisal software by a la mode, inc. — 1-800-ALAMODE

3/2007

# ADDITIONAL COMPARABLE SALES

File No.: 0910038

| FEATURE | SUBJECT | COMPARABLE SALE #4 | | COMPARABLE SALE #5 | | COMPARABLE SALE #6 | |
|---|---|---|---|---|---|---|---|
| Address 43633 N 13th Ave | | 42913 N 7th Ave | | | | 2:09-bk-29364 | |
| New River (PO), AZ 85087 | | New River (PO), AZ 85087 | | | | | |
| Proximity to Subject | | 0.56 miles | | | | | |
| Sale Price | $ Not a sale | $ 189,900 | | $ | | $ | |
| Sale Price/GLA | $ N/A /sq.ft. | $ 108.27 /sq.ft. | | $ /sq.ft. | | $ /sq.ft. | |
| Data Source(s) | Appraisal | Agent/MLS#4241022 8dom | | | | | |
| Verification Source(s) | Inspection | AP#202-21-042u | | | | | |
| VALUE ADJUSTMENTS | DESCRIPTION | DESCRIPTION | +(-) $ Adjust. | DESCRIPTION | +(-) $ Adjust. | DESCRIPTION | +(-) $ Adjust. |
| Sales or Financing | No known | New Loan | | | | | |
| Concessions | | Pending sale 3% | -5,700 | | | | |
| Date of Sale/Time | N/A | Current | | | | | |
| Rights Appraised | Fee Simple | Fee Simple | | | | | |
| Location | New River PO | New River PO | | | | | |
| Site | 43,853 Sq.Ft. | 47880sf | 0 | | | | |
| View | Dist Mountains | Dist Mountains | | | | | |
| Design (Style) | Ranch | SW contemp | | | | | |
| Quality of Construction | Average | Average | | | | | |
| Age | 2007 rebuild | 2000 | +7,000 | | | | |
| Condition | Average | Average | | | | | |
| Above Grade | Total Bdrms Baths | Total Bdrms Baths | | Total Bdrms Baths | | Total Bdrms Baths | |
| Room Count | 7 3 2 | 7 3 3 | -2,000 | | | | |
| Gross Living Area | 1,847 sq.ft. | 1,754 sq.ft. | +2,790 | sq.ft. | 0 | sq.ft. | 0 |
| Basement & Finished | No Basement | No Basement | | | | | |
| Rooms Below Grade | N/A | N/A | | | | | |
| Functional Utility | Avg/Den separate | Average | -2,000 | | | | |
| Heating/Cooling | FWA/REF | FWA/REF | | | | | |
| Energy Efficient Items | Gd SEEI's | Gd SEEI's | | | | | |
| Garage/Carport | 3-Garage | 2-Garage | +5,000 | | | | |
| Porch/Patio/Deck | Cov Patio | Cov Patio | | | | | |
| Landscape | Mainly natural | Mainly natural | | | | | |
| Fence | No fence | Partial fence | -3,000 | | | | |
| Additional | None | Pool | -8,000 | | | | |
| Prior sale date/price | See above | 11/21/03 $257,000 | | | | | |
| | | | | | | | |
| Net Adjustment (Total) | | ☐ + ☒ - $ | 5,910 | ☐ + ☐ - $ | | ☐ + ☐ - $ | |
| Adjusted Sale Price | | Net 3.1 % | | Net % | | Net % | |
| of Comparables | | Gross 18.7 % $ | 183,990 | Gross % $ | | Gross % $ | |

Summary of Sales Comparison Approach   The supplied sales are proximate reliable indicators; considered as viable alternatives to a prospective buyer of the subject property. Adjustments are market derived and reflect the market actions in relation to the subject for the respective amenity. All sales within the competitive market area. The prevalence of Lender owned activity (sales and available listings) made for the use of these sales unavoidable and necessary. Although the motivation for the seller of this type of property is not typical, it is characteristic of the current market conditions. Comps 1-3 are REO sales with comp 4 being a short sale but a pending sale. Comps 1-3 adjusted at the annualized decline rate of 16%. Comp 4 adjusted for the typical list to sale reduction of 3%. The sales are of a relatively similar quality, size and feature. Comp #4 is more dissimilar but more proximate. There are very few sales along the subject side of New River Road with more distant sales 1-3 supplied due to the lack of more proximate sales. The adjusted sales range is fairly narrow offering good support at $184,000.

SALES COMPARISON APPROACH

Copyright© 2007 by a la mode, inc. This form may be reproduced unmodified without written permission, however, a la mode, inc. must be acknowledged and credited.

# Market Conditions Addendum to the Appraisal Report

File No. 0910038

The purpose of this addendum is to provide the lender/client with a clear and accurate understanding of the market trends and conditions prevalent in the subject neighborhood. This is a required addendum for all appraisal reports with an effective date on or after April 1, 2009.

| Property Address | 43633 N 13th Ave | City New River (PO) | State AZ | ZIP Code 85087 |
|---|---|---|---|---|

Borrower   No Borrower

**Instructions:** The appraiser must use the information required on this form as the basis for his/her conclusions, and must provide support for those conclusions, regarding housing trends and overall market conditions as reported in the Neighborhood section of the appraisal report form. The appraiser must fill in all the information to the extent it is available and reliable and must provide analysis as indicated below. If any required data is unavailable or is considered unreliable, the appraiser must provide an explanation. It is recognized that not all data sources will be able to provide data for the shaded areas below; if it is available, however, the appraiser must include the data in the analysis. If data sources provide the required information as an average instead of the median, the appraiser should report the available figure and identify it as an average. Sales and listings must be properties that compete with the subject property, determined by applying the criteria that would be used by a prospective buyer of the subject property. The appraiser must explain any anomalies in the data, such as seasonal markets, new construction, foreclosures, etc.

| Inventory Analysis | Prior 7–12 Months | Prior 4–6 Months | Current – 3 Months | Overall Trend | | |
|---|---|---|---|---|---|---|
| Total # of Comparable Sales (Settled) | 13 | 6 | 15 | ☒ Increasing | ☐ Stable | ☐ Declining |
| Absorption Rate (Total Sales/Months) | 2.17 | 2.00 | 5.00 | ☒ Increasing | ☐ Stable | ☐ Declining |
| Total # of Comparable Active Listings | 91 | 59 | 57 | ☒ Declining | ☐ Stable | ☐ Increasing |
| Months of Housing Supply (Total Listings/Ab.Rate) | 41.9 | 29.5 | 11.4 | ☒ Declining | ☐ Stable | ☐ Increasing |
| **Median Sale & List Price, DOM, Sale/List %** | Prior 7–12 Months | Prior 4–6 Months | Current – 3 Months | Overall Trend | | |
| Median Comparable Sale Price | 199,900 | 192,700 | 175,000 | ☐ Increasing | ☐ Stable | ☒ Declining |
| Median Comparable Sales Days on Market | 135 | 49 | 68 | ☐ Declining | ☒ Stable | ☐ Increasing |
| Median Comparable List Price | 265,000 | 211,500 | 229,900 | ☒ Increasing | ☐ Stable | ☐ Declining |
| Median Comparable Listings Days on Market | 184 | 160 | 138 | ☒ Declining | ☐ Stable | ☐ Increasing |
| Median Sale Price as % of List Price | 93 | 100 | 100 | ☐ Increasing | ☒ Stable | ☐ Declining |
| Seller-(developer, builder, etc.)paid financial assistance prevalent? ☒ Yes ☐ No | | | | ☐ Declining | ☒ Stable | ☐ Increasing |

Explain in detail the seller concessions trends for the past 12 months (e.g., seller contributions increased from 3% to 5%, increasing use of buydowns, closing costs, condo fees, options, etc.).   Over the past 3-9 months, buyer's typically negotiate up to 3% of the sales price toward closing costs to be paid by seller. This has remained fairly level over the past 6-9 months in this neighborhood. Nominal noted proximate builder activity.It should be noted that although seller may be paying points toward closing costs, this has not reflected a dollar for dollar affect on the sales price.

Are foreclosure sales (REO sales) a factor in the market? ☒ Yes ☐ No   If yes, explain (including the trends in listings and sales of foreclosed properties).
Foreclosures and short sales are a part of the market area and have assisted in downward price pressure. Typically these sales are in unkempt condition but otherwise competing against the owner-occupied sale in the area. Percentage of Foreclosure sales activity or short sales to owner-seller sale is estimated at 75%.

Cite data sources for above information.   MLS,Public record, agents.

Summarize the above information as support for your conclusions in the Neighborhood section of the appraisal report form. If you used any additional information, such as an analysis of pending sales and/or expired and withdrawn listings, to formulate your conclusions, provide both an explanation and support for your conclusions.
"Appraiser's 'Inventory Analysis', 'Median Sale & List Price, DOM' and other observations in this addendum are based on the data source identified above, which appraiser generally believes to be a reliable source of market data. However, the appraiser cannot verify all of the information in that data source and cannot guarantee the accuracy of such data or conclusions based thereon."
"The appraiser cannot guarantee future market conditions affecting the subject property."
Est annual rate of decline at 16%. Last 3 months decline rate estimated at 9% or 3% per month.

**If the subject is a unit in a condominium or cooperative project, complete the following:**   Project Name:

| Subject Project Data | Prior 7–12 Months | Prior 4–6 Months | Current – 3 Months | Overall Trend | | |
|---|---|---|---|---|---|---|
| Total # of Comparable Sales (Settled) | | | | ☐ Increasing | ☐ Stable | ☐ Declining |
| Absorption Rate (Total Sales/Months) | | | | ☐ Increasing | ☐ Stable | ☐ Declining |
| Total # of Active Comparable Listings | | | | ☐ Declining | ☐ Stable | ☐ Increasing |
| Months of Unit Supply (Total Listings/Ab.Rate) | | | | ☐ Declining | ☐ Stable | ☐ Increasing |

Are foreclosure sales (REO sales) a factor in the project? ☐ Yes ☐ No   If yes, indicate the number of REO listings and explain the trends in listings and sales of foreclosed properties.

Summarize the above trends and address the impact on the subject unit and project.

| Signature | Signature |
|---|---|
| Appraiser Name   John R Fournier | Supervisory Appraiser Name |
| Company Name   John Fournier Appraisals | Company Name |
| Company Address   5025 N Central Ave #526;Phx.,AZ 85012 | Company Address |
| State License/Certification #   20067   State   AZ | State License/Certification #   State |
| Email Address   jf@jrfappraisals.com | Email Address |

Freddie Mac Form 71   March 2009             Page 1 of 1             Fannie Mae Form 1004MC   March 2009

Form 1004MC2 — "TOTAL for Windows" appraisal software by a la mode, inc. — 1-800-ALAMODE

## Supplemental Addendum

File No.   0910038

| Borrower/Client | No Borrower | | | |
|---|---|---|---|---|
| Property Address | 43633 N 13th Ave | | | |
| City  New River (PO) | County  Maricopa | State  AZ | Zip Code  85087 |
| Lender  Diana Fisher | | | | |

2:09-bk-29364

NEIGHBORHOOD:
The subject neighborhood is considered New River. The New River neighborhood is bordered on the south by Anthem planned community, north by Photo View,east by 24th Street and west by about 43rd Avenue.  Large planned area development (Anthem) under development adjacent south of the area with a rapid absorption rate over the past 6 years. Area is mainly comprised of average to good quality semi-custom SFR's, manufactured homes with some commercial along the arterial roads. Development in area since the 60's with some geodesic domes and earth shelter homes as well as highly contemporary hillside homes in area. Employment districts are 20+- miles south in Deer Valley or the Black Canyon employment corridor. Neighborhood convenience market and gas station nearby and small restaurant and realty office. Typical owner willing to trade city or urban conveniences for a less dense, desert environment. Area is unincorporated with a New River address. Bus service provided for K-12. Area has seen significant development over the past 5 years. Septic system is private and located on the site with market knowledge and acceptance.
The immediate area is west side of New River Road between Honda Bow and Circle Mountain. Area has a broad mixture of SFR types with trend of a higher quality, larger homes on recent parcel splits and older manufactured homes. Area has proximate access to Desert Hills and near the NE portion of Anthem.

Current inventory levels of available properties within MLS shows an over supply of inventory and extended list periods. A review of sales from 2008 v. 2009 shows a decline in prices. The decline in this area estimated t 16%. See 1004MC.
Inventory levels have increased over a  variety of expected causes including an increase in investor buyers during the price runup of 2004 through early 2006, negative rental cash flow in these investor properties, increased holding costs due to adjusted rate mortgages interest rates being  reset,  difficulty in refinancing these reset mortgages due to a tightened lending market as well as general slow down in the overall economy.

SITE:
The community does participate in the national flood insurance program and is covered by a regular program.  Septic systems and wells are private and located on or near the individual sites with market knowledge and acceptance. Site has a shared private well and a private septic system. Access is over a graded road that appears to be an easement. The subject is gentle sloping hillside. Some erosion evident but not uncommon for hillside properties in the area.

IMPROVEMENTS:
The property was recently rebuilt and expanded. Some irregularities include a hollow sound when walking on the tiled floors sounds like a crawl space. Possible settlement or irregular foundation installation. The cabinetry in the kitchen is irregular in design and install. (Doors swing the wrong way and some doors list. A couple of stains in the ceiling show some roof problems.
Features include french doors, recycled metal roof, medium stained cabinetry with granite slab kitchen countertops, fireplace, spa tub, ceiling fans, arched areas, separate den or office (off patio), covered tiled patio and misc. Improvements are fairly typical in feature and size for  the area. Assessor shows an older age but property completely rebuilt a couple of years ago.

Summary of the Sales Comparison Approach:
All comparable sales are verified closed.  Financing and mortgage amounts obtained from the affidavit of value filed in the recorders office at the time of the recording of deed.  Seller concessions and contract dates are not of public record. Comparable sale adjustments are extracted from the market.  All of the comparable sales selected are located in the subject marketing area and were selected due to limited sales data in the area.  All sales are of similar quality of construction as is evidenced by the materials used, attention to detail, craftsmanship, ornamentation, level of upgrading, etc.

Final Reconciliation Comments:
The comparables selected bracket all/or most of the salient characteristics of the subject property and all are given consideration in the final value estimate.  All sales are from the subject competitive market area and considered to be the best possible indicators of value at the time of inspection.  Comparable adjusted values range from $179k to roughly $188k with value reconciled at $184,000. .

Comments and Conditions of Appraisal:
Financing in the market approach is typical of the market and does not affect value unless noted otherwise.  This report was prepared under normal underwriting and FNMA guidelines.  In this appraisal assignment, the appraiser has no knowledge of any hazardous condition (s) such as radon gas, insulation deficiencies, contaminated water, hazardous waste, etc., and is not qualified to detect such deficiencies should they exist.  I urge the client to retain an expert in these fields if so desired.  The appraiser has assumed that there are on hidden or unapparent conditions of the property, the subsoil, or the structures that would make the property more or less valuable.  The appraiser will not be responsible for such conditions that do exist for any engineering that might be required to discover whether such factors exist.

# Supplemental Addendum

File No.  0910038

| | |
|---|---|
| Borrower/Client  No Borrower | |
| Property Address  43633 N 13th Ave | |
| City  New River (PO)    County  Maricopa    State  AZ    Zip Code  85087 | |
| Lender  Diana Fisher | |

2:09-bk-29364

Appraiser Qualifications:
I certify that, to the best of my knowledge and belief, the reported analyses, opinions and conclusions were developed, and this report has been prepared, in conformity with the requirements of the Code of Professional Ethics and the Standards of Professional Appraisal Practice.  I have met all of the requirements as Arizona State Licensed/Certified Residential Appraisers, in accordance with the Arizona Revised Statutes and on the authority of the Board of Appraisal, State of Arizona through each appraiser's license expiration date.

As the date of this appraisal report, I, John Fournier #20067, have completed the requirements under the continuing education program of the Board of Appraisal, State of Arizona, for Certified Residential Real Estate Appraiser, through August 31, 2010.

EXTENT OF THE APPRAISAL PROCESS:
The following steps were taken in arriving at the final opinion of value included in the appraisal report of the subject property:

(1) After receiving the assignment, a preliminary search was made to determine the competitive market area, value range and limits and other significant factors pertinent to the subject property.

(2) The appraiser is not a home inspector or environmental inspector.  The appraiser provides an opinion of value.  A physical viewing of the interior & exterior of the subject property was preformed.  Although due diligence was exercised while viewing the property, the appraiser is not an expert in such matters as pest control, structural engineering, hazardous waste, soil slippage, septic/cesspool system integrity, electrical-mechanical-plumbing-roof-foundation systems, home inspector, etc., and assumes no responsibility for these items.  If the client has any questions regarding these items/areas of expertise, it is the client's responsibility to order appropriate inspections, with the final opinion of value being subject to a licensed professional's findings. The appraiser is not a home inspector nor is the report a home inspection report, the appraiser only preformed a visual viewing of accessible areas and that the appraisal report cannot be relied upon to disclose conditions and/or defects in the property. The appraiser does not guarantee that the property is free of defects or environmental problems.  Mold may be present in areas the appraiser cannot see.  The appraiser is not qualified to determine the cause of the mold, the type of mold or whether the mold might pose any risk to the property or its inhabitants.  A professional home inspector or environmental inspection is recommended.

(3) A detailed review of market sales data extracted from various sources including Multiple Listing Services, Netvalue Central,ILinks, real estate brokers and agents, principals, other appraisers and the appraiser's files, was undertaken by the appraiser.  Relevant market factors were weighed and their influence on the subject considered in the Sales Comparison Approach.  Reproduction cost data and market rental data were reviewed and applied as needed.

(4) Digital Comments – The digital photographs used in the report have not been altered other than to lighten when necessary due to light conditions beyond the control of the appraiser.  The digital signatures used in this report were taken from original signatures furnished by the appraiser named in the report.  The appraisal software program (a la mode) utilized in this report provides a security feature that protects the integrity of the appraiser's signature by a password protection system, the appraiser has sole personalized control of affixing the signature.

(5) The appraisal report was delivered to the client, electronically, verbally or physically, which constituted the completion of the appraisal assignment.

ADDITIONAL COMMENTS:
The original source of the comparable sale information is shown in the data source section of the sales comparison grid along with the source of confirmation.  The sources and data are considered reliable.  When conflicting information was provided or obtained, the source deemed most reliable has been used.  Data believed to be unreliable was not included in the report nor used as the basis for the opinion of value conclusion.  The reproduction cost is based on the Marshall and Swift Residential Cost Handbook supplemented by the appraiser's knowledge of the local market.

Physical depreciation is based on the estimated effective age of the subject property.  Functional and/or external depreciation, if present, is specifically addressed in the appraisal report or other addenda.  In estimating the site value, the appraiser has relied on personal knowledge of the local market.  This knowledge is based on prior and/or current analysis of site sales and/or abstraction of site values of comparable sales of improved properties.  The subject property is located in an area of primary owner-occupied single family residences and the Income Approach is not considered meaningful.  For this reason, the Income Approach was not utilized for non-income producing properties.

When applicable, the estimated market rent and Gross Rent Multiplier utilized in the Income Approach are based on the appraiser's knowledge of the subject marketing area.  The rental knowledge is based on prior and/or current rental rate surveys of residential properties.  The Gross Rent Multiplier is based on prior and/or current analysis of prices and market rental rates for residential properties.  When applicable for income producing properties, actual rents, vacancies and expenses have been reported and analyzed.  They have been used to project future rents, vacancies and expense

# Building Sketch (Page - 1)

| | |
|---|---|
| Borrower/Client | No Borrower |
| Property Address | 43633 N 13th Ave |
| City   New River (PO) | County   Maricopa   State   AZ   Zip Code   85087 |
| Lender   Diana Fisher | |



Sketch by Apex IV™

Comments: Interior walls, if provided are for demonstration purposes and not precisely to scale. Field Measurements rounded to the nearest tenth. Some derivation to actual measurement may occur due to field conditions (Slope, foliage, access, etc.)

## AREA CALCULATIONS SUMMARY

| Code | Description | Size | Net Totals |
|---|---|---|---|
| GLA1 | First Floor | 1673.25 | |
| | Office/Den | 174.24 | 1847.49 |
| P/P | Cov Patio | 188.76 | 188.76 |
| GAR | Garage | 704.05 | 704.05 |

TOTAL LIVABLE     (rounded)          1847

## LIVING AREA BREAKDOWN

| Breakdown | | Subtotals |
|---|---|---|
| First Floor | | |
| 25.5 x | 27.2 | 693.60 |
| 11.5 x | 25.5 | 293.25 |
| 13.2 x | 52.0 | 686.40 |
| Office/Den | | |
| 13.2 x | 13.2 | 174.24 |

4 Calculations Total (rounded)          1847

| Borrower/Client   No Borrower | | | | |
|---|---|---|---|---|
| Property Address  43633 N 13th Ave | | | | |
| City   New River (PO) | County   Maricopa | | State   AZ | Zip Code   85087 |
| Lender   Diana Fisher | | | | |

## EXHIBIT "A"

PARCEL NO. 1:

The West 212.59 feet of the North half of the Northeast quarter of the Southwest quarter of the Northeast quarter of Section 7, Township 6 North, Range 3 East of the Gila and Salt River Base and Meridian, Maricopa County, Arizona;

Except the North 204.90 feet; and also

Except all the coal and other minerals as reserved in Patent from the United States of America.

PARCEL NO. 2:

The North 80.37 feet of the West 212.59 feet of the South half of the Northeast quarter of the Southwest quarter of the Northeast quarter of Section 7, Township 6 North, Range 3 East of the Gila and Salt River Base and Meridian, Maricopa County, Arizona;

Except all the coal and other minerals as reserved in Patent from the United States of America.

# Subject Photo Page

| | | | |
|---|---|---|---|
| Borrower/Client   No Borrower | | | |
| Property Address   43633 N 13th Ave | | | |
| City   New River (PO) | County   Maricopa | State   AZ | Zip Code   85087 |
| Lender   Diana Fisher | | | |



### SITE

43633 N 13th Ave

| | |
|---|---|
| Sales Price | Not a sale |
| Gross Living Area | 1,847 |
| Total Rooms | 7 |
| Total Bedrooms | 3 |
| Total Bathrooms | 2 |
| Location | New River PO |
| View | Dist Mountains |
| Site | 43,853 Sq.Ft. |
| Quality | Average |
| Age | 2007 rebuild |



### Well Site



### Subject Street

# Photograph Addendum

| | | | | | |
|---|---|---|---|---|---|
| Borrower/Client | No Borrower | | | | |
| Property Address | 43633 N 13th Ave | | | | |
| City | New River (PO) | County Maricopa | State AZ | Zip Code 85087 | |
| Lender | Diana Fisher | | | | |



Alt front view



View from site



View towards well



Kitchen



Living room



Entry

| | | | |
|---|---|---|---|
| Borrower/Client | No Borrower | | |
| Property Address | 43633 N 13th Ave | | |
| City | New River (PO) | County Maricopa | State AZ |
| Lender | Diana Fisher | | Zip Code 85087 |



Hall Bathroom



Bedroom



Owner's bathroom



Bathroom

N/A

N/A

# Plat Map

| | |
|---|---|
| Borrower/Client | No Borrower |
| Property Address | 43633 N 13th Ave |
| City   New River (PO) | County   Maricopa   State   AZ   Zip Code   85087 |
| Lender | Diana Fisher |



# Flood Map

| | |
|---|---|
| Borrower/Client | No Borrower |
| Property Address | 43633 N 13th Ave |
| City New River (PO) | County Maricopa State AZ Zip Code 85087 |
| Lender Diana Fisher | |



**Prepared for:**
John Fournier Appraisals

43633 N 13th Ave
New River (PO), AZ 85087

**FLOODSCAPE**

Flood Hazards Map

**Map Number**
04013C0390G

**Effective Date**
September 30, 2005

Powered by FloodSource
877.77.FLOOD
www.floodsource.com

ZONE AE

0'   600'   1200'   1800'   2400'

© 1999-2009 SourceProse and/or FloodSource Corporations. All rights reserved. Patents 6,631,326 and 6,678,615. Other patents pending. For info: info@floodsource.com.

# Comparable Photo Page

| | |
|---|---|
| Borrower/Client | No Borrower |
| Property Address | 43633 N 13th Ave |

| City New River (PO) | County Maricopa | State AZ | Zip Code 85087 |
|---|---|---|---|

Lender Diana Fisher



## Comparable 1

1115 E Magellan Dr

| | |
|---|---|
| Prox. to Subject | 1.79 miles |
| Sale Price | 192,000 |
| Gross Living Area | 1,872 |
| Total Rooms | 7 |
| Total Bedrooms | 4 |
| Total Bathrooms | 2 |
| Location | New River PO |
| View | Dist Mountains |
| Site | 52465 Sq.Ft. |
| Quality | Average |
| Age | 2006 |



## Comparable 2

42815 N 14th Street

| | |
|---|---|
| Prox. to Subject | 2.18 miles |
| Sale Price | 180,000 |
| Gross Living Area | 1,875 |
| Total Rooms | 7 |
| Total Bedrooms | 4 |
| Total Bathrooms | 2 |
| Location | New River PO |
| View | Dist Mountains |
| Site | 45000Sq.Ft. |
| Quality | Average |
| Age | 2004 |



## Comparable 3

42128 N 10th St

| | |
|---|---|
| Prox. to Subject | 1.77 miles |
| Sale Price | 200,000 |
| Gross Living Area | 2,224 |
| Total Rooms | 7 |
| Total Bedrooms | 3 |
| Total Bathrooms | 2 |
| Location | New River PO |
| View | Dist Mountains |
| Site | 68931sf/Traffic |
| Quality | Average |
| Age | 2004 |

# Comparable Photo Page

| | |
|---|---|
| Borrower/Client | No Borrower |
| Property Address | 43633 N 13th Ave |
| City | New River (PO) County Maricopa State AZ Zip Code 85087 |
| Lender | Diana Fisher |



## Comparable 4

42913 N 7th Ave

| | |
|---|---|
| Prox. to Subject | 0.56 miles |
| Sale Price | 189,900 |
| Gross Living Area | 1,754 |
| Total Rooms | 7 |
| Total Bedrooms | 3 |
| Total Bathrooms | 3 |
| Location | New River PO |
| View | Dist Mountains |
| Site | 47880sf |
| Quality | Average |
| Age | 2000 |

## Comparable 5

| | |
|---|---|
| Prox. to Subject | |
| Sale Price | |
| Gross Living Area | |
| Total Rooms | |
| Total Bedrooms | |
| Total Bathrooms | |
| Location | |
| View | |
| Site | |
| Quality | |
| Age | |

## Comparable 6

| | |
|---|---|
| Prox. to Subject | |
| Sale Price | |
| Gross Living Area | |
| Total Rooms | |
| Total Bedrooms | |
| Total Bathrooms | |
| Location | |
| View | |
| Site | |
| Quality | |
| Age | |

# Comparable Sales Map

| | |
|---|---|
| Borrower/Client | No Borrower |
| Property Address | 43633 N 13th Ave |
| City New River (PO) | County Maricopa | State AZ | Zip Code 85087 |
| Lender Diana Fisher | |



# Assumptions, Limiting Conditions & Scope of Work

File No.: 0910038

| | | | |
|---|---|---|---|
| Property Address: 43633 N 13th Ave | City: New River (PO) | State: AZ | Zip Code: 85087 |

| | |
|---|---|
| Client: Diana Fisher | Address: 43033 N 13th Ave, New River, AZ 85087 |
| Appraiser: John R Fournier | Address: 5025 N Central Ave #526, Phoenix, AZ 85012 |

**STATEMENT OF ASSUMPTIONS & LIMITING CONDITIONS**

— The appraiser will not be responsible for matters of a legal nature that affect either the property being appraised or the title to it. The appraiser assumes that the title is good and marketable and, therefore, will not render any opinions about the title. The property is appraised on the basis of it being under responsible ownership.

— The appraiser may have provided a sketch in the appraisal report to show approximate dimensions of the improvements, and any such sketch is included only to assist the reader of the report in visualizing the property and understanding the appraiser's determination of its size. Unless otherwise indicated, a Land Survey was not performed.

— If so indicated, the appraiser has examined the available flood maps that are provided by the Federal Emergency Management Agency (or other data sources) and has noted in the appraisal report whether the subject site is located in an identified Special Flood Hazard Area. Because the appraiser is not a surveyor, he or she makes no guarantees, express or implied, regarding this determination.

— The appraiser will not give testimony or appear in court because he or she made an appraisal of the property in question, unless specific arrangements to do so have been made beforehand.

— If the cost approach is included in this appraisal, the appraiser has estimated the value of the land in the cost approach at its highest and best use, and the improvements at their contributory value. These separate valuations of the land and improvements must not be used in conjunction with any other appraisal and are invalid if they are so used. Unless otherwise specifically indicated, the cost approach value is not an insurance value, and should not be used as such.

— The appraiser has noted in the appraisal report any adverse conditions (including, but not limited to, needed repairs, depreciation, the presence of hazardous wastes, toxic substances, etc.) observed during the inspection of the subject property, or that he or she became aware of during the normal research involved in performing the appraisal. Unless otherwise stated in the appraisal report, the appraiser has no knowledge of any hidden or unapparent conditions of the property, or adverse environmental conditions (including, but not limited to, the presence of hazardous wastes, toxic substances, etc.) that would make the property more or less valuable, and has assumed that there are no such conditions and makes no guarantees or warranties, express or implied, regarding the condition of the property. The appraiser will not be responsible for any such conditions that do exist or for any engineering or testing that might be required to discover whether such conditions exist. Because the appraiser is not an expert in the field of environmental hazards, the appraisal report must not be considered as an environmental assessment of the property.

— The appraiser obtained the information, estimates, and opinions that were expressed in the appraisal report from sources that he or she considers to be reliable and believes them to be true and correct. The appraiser does not assume responsibility for the accuracy of such items that were furnished by other parties.

— The appraiser will not disclose the contents of the appraisal report except as provided for in the Uniform Standards of Professional Appraisal Practice, and any applicable federal, state or local laws.

— If this appraisal is indicated as subject to satisfactory completion, repairs, or alterations, the appraiser has based his or her appraisal report and valuation conclusion on the assumption that completion of the improvements will be performed in a workmanlike manner.

— An appraiser's client is the party (or parties) who engage an appraiser in a specific assignment. Any other party acquiring this report from the client does not become a party to the appraiser-client relationship. Any persons receiving this appraisal report because of disclosure requirements applicable to the appraiser's client do not become intended users of this report unless specifically identified by the client at the time of the assignment.

— The appraiser's written consent and approval must be obtained before this appraisal report can be conveyed by anyone to the public, through advertising, public relations, news, sales, or by means of any other media, or by its inclusion in a private or public database.

— An appraisal of real property is not a 'home inspection' and should not be construed as such. As part of the valuation process, the appraiser performs a non-invasive visual inventory that is not intended to reveal defects or detrimental conditions that are not readily apparent. The presence of such conditions or defects could adversely affect the appraiser's opinion of value. Clients with concerns about such potential negative factors are encouraged to engage the appropriate type of expert to investigate.


**The Scope of Work is the type and extent of research and analyses performed in an appraisal assignment that is required to produce credible assignment results, given the nature of the appraisal problem, the specific requirements of the intended user(s) and the intended use of the appraisal report. Reliance upon this report, regardless of how acquired, by any party or for any use, other than those specified in this report by the Appraiser, is prohibited. The Opinion of Value that is the conclusion of this report is credible only within the context of the Scope of Work, Effective Date, the Date of Report, the Intended User(s), the Intended Use, the stated Assumptions and Limiting Conditions, any Hypothetical Conditions and/or Extraordinary Assumptions, and the Type of Value, as defined herein. The appraiser, appraisal firm, and related parties assume no obligation, liability, or accountability, and will not be responsible for any unauthorized use of this report or its conclusions.**


**Additional Comments (Scope of Work, Extraordinary Assumptions, Hypothetical Conditions, etc.):**
It is assumed that the roof leaks are minor and with ease of cure. The subfloor sound is assumed to not be structural in nature and not expected to be a settlement issue. If these issues are more severe than assumed then the conclusions within this report would be unreliable.

 **RESIDENTIAL**
Copyright© 2007 by a la mode, inc. This form may be reproduced unmodified without written permission, however, a la mode, inc. must be acknowledged and credited.
Form GPRES2AD — "TOTAL for Windows" appraisal software by a la mode, inc. — 1-800-ALAMODE          3/2007

# Certifications & Definitions

| Property Address: | 43633 N 13th Ave | City: New River (PO) | State: AZ | Zip Code: 85087 |
|---|---|---|---|---|
| Client: | Diana Fisher | Address: | 43033 N 13th Ave, New River, AZ 85087 | |
| Appraiser: | John R Fournier | Address: | 5025 N Central Ave #526, Phoenix, AZ 85012 | |

## APPRAISER'S CERTIFICATION

**I certify that, to the best of my knowledge and belief:**

— The statements of fact contained in this report are true and correct.

— The credibility of this report, for the stated use by the stated user(s), of the reported analyses, opinions, and conclusions are limited only by the reported assumptions and limiting conditions, and are my personal, impartial, and unbiased professional analyses, opinions, and conclusions.

— I have no present or prospective interest in the property that is the subject of this report and no personal interest with respect to the parties involved.

— I have no bias with respect to the property that is the subject of this report or to the parties involved with this assignment.

— My engagement in this assignment was not contingent upon developing or reporting predetermined results.

— My compensation for completing this assignment is not contingent upon the development or reporting of a predetermined value or direction in value that favors the cause of the client, the amount of the value opinion, the attainment of a stipulated result, or the occurrence of a subsequent event directly related to the intended use of this appraisal.

— My analyses, opinions, and conclusions were developed, and this report has been prepared, in conformity with the Uniform Standards of Professional Appraisal Practice that were in effect at the time this report was prepared.

— I did not base, either partially or completely, my analysis and/or the opinion of value in the appraisal report on the race, color, religion, sex, handicap, familial status, or national origin of either the prospective owners or occupants of the subject property, or of the present owners or occupants of the properties in the vicinity of the subject property.

— Unless otherwise indicated, I have made a personal inspection of the property that is the subject of this report.

— Unless otherwise indicated, no one provided significant real property appraisal assistance to the person(s) signing this certification.

**Additional Certifications:**

**Fair market value (FMV) is the price that property would sell for on the open market. It is the price that would be agreed on between a willing buyer and a willing seller, with neither being required to act, and both having reasonable knowledge of the relevant facts. (IRS)**

**DEFINITION OF MARKET VALUE \*:**

Market value means the most probable price which a property should bring in a competitive and open market under all conditions requisite to a fair sale, the buyer and seller each acting prudently and knowledgeably, and assuming the price is not affected by undue stimulus. Implicit in this definition is the consummation of a sale as of a specified date and the passing of title from seller to buyer under conditions whereby:

1. Buyer and seller are typically motivated;
2. Both parties are well informed or well advised and acting in what they consider their own best interests;
3. A reasonable time is allowed for exposure in the open market;
4. Payment is made in terms of cash in U.S. dollars or in terms of financial arrangements comparable thereto; and
5. The price represents the normal consideration for the property sold unaffected by special or creative financing or sales concessions granted by anyone associated with the sale.

\* This definition is from regulations published by federal regulatory agencies pursuant to Title XI of the Financial Institutions Reform, Recovery, and Enforcement Act (FIRREA) of 1989 between July 5, 1990, and August 24, 1990, by the Federal Reserve System (FRS), National Credit Union Administration (NCUA), Federal Deposit Insurance Corporation (FDIC), the Office of Thrift Supervision (OTS), and the Office of Comptroller of the Currency (OCC). This definition is also referenced in regulations jointly published by the OCC, OTS, FRS, and FDIC on June 7, 1994, and in the Interagency Appraisal and Evaluation Guidelines, dated October 27, 1994.

| Client Contact: | Diana | Client Name: | Diana Fisher |
|---|---|---|---|
| E-Mail: | diana@zerogravitystudios.net | Address: | 43033 N 13th Ave, New River, AZ 85087 |

| APPRAISER | SUPERVISORY APPRAISER (if required) or CO-APPRAISER (if applicable) |
|---|---|
| Appraiser Name: John R Fournier | Supervisory or Co-Appraiser Name: |
| Company: John Fournier Appraisals | Company: |
| Phone: 602 522-1999    Fax: 602 522-8999 | Phone:    Fax: |
| E-Mail: jf@jrfappraisals.com | E-Mail: |
| Date Report Signed: October 30, 2009 | Date Report Signed: |
| License or Certification #: 20067    State: AZ | License or Certification #:    State: |
| Designation: AZ Cert Res. Appraiser | Designation: |
| Expiration Date of License or Certification: 08/31/2010 | Expiration Date of License or Certification: |
| Inspection of Subject: ☒ Interior & Exterior  ☐ Exterior Only  ☐ None | Inspection of Subject: ☐ Interior & Exterior  ☐ Exterior Only  ☐ None |
| Date of Inspection: 10/26/2009 | Date of Inspection: |

**GP RESIDENTIAL**

Copyright© 2007 by a la mode, inc. This form may be reproduced unmodified without written permission, however, a la mode, inc. must be acknowledged and credited.

Form GPRES2AD — "TOTAL for Windows" appraisal software by a la mode, inc. — 1-800-ALAMODE                    3/2007

| Borrower | No Borrower | | | | |
|---|---|---|---|---|---|
| Property Address | 43633 N 13th Ave | | | File No. 0910038 | |
| City | New River (PO) | County | Maricopa | State AZ | Zip Code 85087 |
| Lender/Client | Diana Fisher | | | | |

2:09-bk-29364

# APPRAISAL AND REPORT IDENTIFICATION

This Appraisal Report is one of the following types:

- [ ] **Self Contained** (A written report prepared under Standards Rule 2-2(a) , pursuant to the Scope of Work, as disclosed elsewhere in this report.)
- [×] **Summary** (A written report prepared under Standards Rule 2-2(b) , pursuant to the Scope of Work, as disclosed elsewhere in this report.)
- [ ] **Restricted Use** (A written report prepared under Standards Rule 2-2(c) , pursuant to the Scope of Work, as disclosed elsewhere in this report, restricted to the stated intended use by the specified client or intended user.)

## Comments on Standards Rule 2-3

I certify that, to the best of my knowledge and belief:

· The statements of fact contained in this report are true and correct.
· The reported analyses, opinions, and conclusions are limited only by the reported assumptions and limiting conditions and are my personal, impartial, and unbiased professional analyses, opinions, and conclusions.
· I have no (or the specified) present or prospective interest in the property that is the subject of this report and no (or the specified) personal interest with respect to the parties involved.
· I have no bias with respect to the property that is the subject of this report or the parties involved with this assignment.
· My engagement in this assignment was not contingent upon developing or reporting predetermined results.
· My compensation for completing this assignment is not contingent upon the development or reporting of a predetermined value or direction in value that favors the cause of the client, the amount of the value opinion, the attainment of a stipulated result, or the occurrence of a subsequent event directly related to the intended use of this appraisal.
· My analyses, opinions and conclusions were developed and this report has been prepared, in conformity with the Uniform Standards of Professional Appraisal Practice.
· I have (or have not) made a personal inspection of the property that is the subject of this report.
· No one provided significant real property appraisal assistance to the person signing this certification. (If there are exceptions, the name of each individual providing significant real property appraisal assistance is stated elsewhere in this report.)

## Comments on Appraisal and Report Identification
**Note any USPAP related issues requiring disclosure and any State mandated requirements:**

Est. Exposure time  100 days

Est Marketing Time 120 days

**APPRAISER:**

Signature:

Name: John R Fournier

Date Signed: October 30, 2009

State Certification #: 20067

or State License #:

State: AZ

Expiration Date of Certification or License: 08/31/2010

Effective Date of Appraisal: 10/26/2009

**SUPERVISORY APPRAISER (only if required):**

Signature:

Name:

Date Signed:

State Certification #:

or State License #:

State:

Expiration Date of Certification or License:

Supervisory Appraiser inspection of Subject Property:
- [ ] Did Not
- [ ] Exterior-only from street
- [ ] Interior and Exterior

9-bk-29364

## LOCAL SAMPLE FORM 13-2.  PLAN ANALYSIS

Debtor(s):  **Diana Lee Fisher**                    Case No.: _____

Prior:            Chapter 7 ( )        Chapter 13 ( )          Date: **November 13, 2009**_____

### TOTAL DEBT AND ADMINISTRATE EXPENSES
### PROVIDED FOR BY THE PLAN

| | | |
|---|---|---:|
| A. | DEBTOR'S UNPAID ATTORNEY FEES | $ 2,525.00 |
| B. | PRIORITY CLAIMS | $ 6,597.00 |
| | 1.      Taxes | $ 6,597.00 |
| | 2.      Other | $ 0.00 |
| C. | PAYMENTS TO CURE DEFAULTS | $ 0.00 |
| D. | PAYMENTS ON SECURED CLAIMS | $ 0.00 |
| E. | PAYMENTS ON OTHER CLASS | $ 0.00 |
| F. | PAYMENTS ON GENERAL UNSECURED CLAIMS | $ 14.80 |
| G. | SUB-TOTAL | $ 9,136.80 |
| H. | TRUSTEE'S COMPENSATION (__10__% of debtor's payments) | $ 1,015.20 |
| I. | TOTAL AMOUNT OF PLAN PAYMENTS | $ 10,152.00 |

### RECONCILIATION WITH CHAPTER 7

| | | |
|---|---|---:|
| J. | INTEREST OF GENERAL UNSECURED CREDITORS IF CHAPTER 7 FILED | |
| | 1.      Value of debtor's interest in nonexempt property | $ 0.00 |
| | 2.      Value of property recoverable under avoiding powers | $ 0.00 |
| | 3.      Less: Estimated Chapter 7 administrative expenses | $ 0.00 |
| | 4.      Less: Priority claims | $ 6,597.00 |
| | EQUALS ESTIMATED DIVIDEND FOR GENERAL UNSECURED CREDITORS | |
| K. | UNDER CHAPTER 7 | $ 0.00 |
| L. | ESTIMATED DIVIDEND UNDER PLAN | $ 14.80 |

IF THERE ARE DISCREPANCIES BETWEEN THE PLAN AND THIS PLAN ANALYSIS, THE PROVISIONS OF THE PLAN, AS CONFIRMED, CONTROL.